IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ERIC M. ROBINSON,<br><br>    Petitioner,<br><br>vs.<br><br>BRAD JOHNSON,<br><br>    Respondent. | 8:19CV43<br><br>MEMORANDUM<br>AND ORDER |

  This matter is before the court on Petitioner Eric M. Robinson's ("Robinson") Motion for the Appointment of Counsel. (Filing No. 10.) Robinson has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Filing No. 1.) The court is currently in the process of conducting a preliminary review of Robinson's petition as well as his two other related habeas petitions in Case Nos. 4:18CV3154 and 8:19CV42.

  "[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g.*, *Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted). The court has reviewed the record and finds there is no need for the appointment of counsel at this time.

  IT IS THEREFORE ORDERED that: Robinson's Motion for Appointment of Counsel (filing no. 10) is denied without prejudice to reassertion.

Dated this 27th day of September, 2019.

                                      BY THE COURT:

                                      s/ *Richard G. Kopf*
                                      Senior United States District Judge