IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| ERIC M. ROBINSON, | |
|---|---|
| Petitioner, | 8:19CV43 |
| vs. | |
| BRAD JOHNSON, | MEMORANDUM AND ORDER |
| Respondent. | |

This matter is before the court on preliminary review of Petitioner Eric M. Robinson's ("Robinson" or "Petitioner") Petition for Writ of Habeas Corpus ([filing no. 1](#)) brought pursuant to [28 U.S.C. § 2254](#). The court must conduct an initial review of Robinson's petition to determine whether his claims are potentially cognizable in federal court. A habeas corpus petition must "substantially follow either the form appended to [the *Rules Governing Section 2254 Cases in the United States District Courts*], or a form prescribed by a local district-court rule." *See* Rule 2 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

Here, Robinson did not use the Form AO 241, Petition for Writ of Habeas Corpus by a Person in State Custody. Rather, he submitted a twenty-one-page handwritten document and hundreds of pages of exhibits and other supplemental materials that is prolix, difficult to understand, and does not clearly indicate the judgment challenged or the grounds alleged. ([Filing No. 1](#); [Filing No. 2](#).) Indeed, Robinson alludes to several different state criminal court cases in his petition, and the court understands that Robinson is claiming that he has been subject to an ongoing network of fraud in the state courts dating back to 2014. However, Robinson may only challenge one state court judgment in the present habeas action, and the court construes this present petition as an attempt to challenge the judgment in Lancaster County District Court Case No. CR16-224. *See* Rule 2(e) of

the *Rules Governing Section 2254 Cases in the United States District Courts* ("A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court."); ([Filing No. 1 at CM/ECF pp. 8](), [23]().) Robinson will be given leave to file an amended petition for writ of habeas corpus, and he must confine his amended petition to challenging the judgment in CR16-224 alone. Moreover, Robinson must follow the form required by the Rules Governing Section 2254 Cases, and, to that end, the court will direct the clerk of the court to send to Robinson the Form AO 241, Petition for Writ of Habeas Corpus by a Person in State Custody.

Robinson has also filed a motion asking the court to reconsider appointing him counsel. ([Filing No. 19]().) The court denied Robinson's previous request for the appointment of counsel, noting "there is neither a constitutional nor statutory right to counsel in habeas proceedings." *[McCall v. Benson](), 114 F.3d 754, 756 (8th Cir. 1997)*. ([Filing No. 12]().) Robinson's renewed request stems from what he feels is the court's unfavorable treatment of what he believes are his plausible claims asserted in his other federal cases. *See generally* 8:17CV204, 8:18CV73, 8:18CV111. Robinson's dissatisfaction with the court's previous rulings in his other cases does not entitle him to the appointment of counsel in the present habeas case. As a general rule, counsel will not be appointed in a habeas case unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g.*, *[Morris v. Dormire](), 217 F.3d 556, 558-59 (8th Cir. 2000)*, *cert. denied*, [531 U.S. 984 (2000)](); *[Hoggard v. Purkett](), 29 F.3d 469, 471 (8th Cir. 1994)*. *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted). As Robinson indicates, his ability to articulate his claims is not impaired and, as no evidentiary hearing is required at this time, Robinson's motion for the appointment of counsel is denied without prejudice to reassertion.

Robinson has also filed several motions asking the court to take judicial notice of various matters in both his state court cases and in his other cases filed in

this court and to amend various supplemental materials and exhibits to his petition. (Filing Nos. 11, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, and 24.) While the court has read and considered all of Robinson's other pending motions and supplemental materials, the court will deny all the other pending motions since such piecemeal filing does not conform to the Rules Governing Section 2254 Cases requiring petitions to follow the prescribed form. Moreover, to the extent Robinson's motions assert complaints or grievances relating to his other federal lawsuits, the court will not address such matters in the present case and the motions are denied.

In conclusion, Robinson's petition is insufficient, and the court will not act upon it. On the court's own motion, Robinson will have 30 days in which to file an amended petition for writ of habeas corpus in accordance with this Memorandum and Order. To be clear, Robinson is directed to file *only* an amended habeas petition in this case utilizing the enclosed official Form AO 241. **The court will no longer accept piecemeal filings from Robinson and orders Robinson to file only one document setting forth the grounds he wishes to allege in challenging the judgment in Case No. CR16-224**.

IT IS THEREFORE ORDERED that:

1. The pending Petition (filing no. 1) is deemed insufficient and the court will not act upon it.

2. By **May 14, 2020**, Petitioner shall file an amended petition for writ of habeas corpus that follows the form appended to the *Rules Governing Section 2254 Cases in the United States District Courts* and clearly sets forth the judgment challenged and grounds alleged. Petitioner must use the enclosed official Form AO 241. To avoid confusion, any document Petitioner sends to the clerk of the court for filing in this case must clearly display the case number. Failure to file an amended petition in accordance with this Memorandum and Order will result in dismissal of this matter without further notice.

3. The clerk of the court is directed to send to Petitioner the Form AO 241 ("Petition for Relief From a Conviction or Sentence By a Person in State Custody").

4. The clerk of the court is directed to set a pro se case management deadline in this matter with the following text: **May 14, 2020**: Check for amended petition.

5. Petitioner's pending motions (filing nos. 11, 13, 14, 15, 17, 18, 19, 20, 21, 22, 23, and 24) are denied.

Dated this 14th day of April, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge