IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ERIC M. ROBINSON, | |
| Petitioner, | **8:19CV43** |
| vs. | |
| BRAD JOHNSON, and DOUG PETERSON, Attorney General; | **MEMORANDUM AND ORDER** |
| Respondents. | |

This matter is before the court on Petitioner Eric M. Robinson's ("Robinson" or "Petitioner") "Motion to Request the State Court Records Listed, Absent, Insufficient & Incapable of Weighing Defendants Facts" (filing 37), "Motion for Leave of Court to Amend State Court Records and Request a Hearing" (filing 38), and "Motion for Judicial Notice of the Exhibits in Original 8:19 cv 43 Petition" (filing 39). Each motion shall be addressed in turn.

## I. MOTION FOR ADDITIONAL STATE COURT RECORDS

Robinson's first motion (filing 37) asserts that the Respondents' Designation of State Court Records in Support of Motion for Summary Judgment (filing 34) is inadequate and requests the following additional records:

1.) The June 12, 2017 CR16-224 amended information;
2.) The June 13, 2017 dismissal of CRl7-6309;
3.) The June 23, 2017 CR16-224 motion for new trial, discovery of new evidence and to withdraw plea;
4.) "The CRl7-5960 false conflict and court records that were offered up as new evidence discovery on 7-10-17, that continued CR16-224's sentencing till 7-

14-17 for Judge Otte to adduce the new evidence discoveries and was overruled on 7-14-17 secured for appeal";
5.) The July 6, 2017 motion to subpoena additional information as well as additional supplemental information for the motion for new and effective assistance of counsel;
6.) The bill of exceptions for the July 10, 2017 and July 14, 2017 hearings CR16-224;
7.) Both of the handwritten July 10, 2017 motions for new and effective counsel "that introduce the CRl7-5960 false conflict . . .";
8.) The handwritten July 21, 2017 CR16-224 motion for the discovery of new evidence, new trial and to withdraw my plea in regards to "Judge Otte[']s 6-12-17 legal advice";
9.) "The CR16-224, 7-27-17 motion to dismiss on the grounds that Judge Otte can not [sic] give me leagal [sic] advice and then convict me after I take his advice";
10.) "The 8-9-17 CR16-224 motion for replacement counsel FOR APPEAL due to a conflict of interest that identifies the true nature of appeal for ineffective assistance of counsel . . .";
11.) The August 9, 2017 poverty affidavit;
12.) The August 9, 2017 Bill of Exceptions; and
13.) The August 10, 2017 CR16-224 order appointing Brad Sipp to the CR16-224 appeal.

(Filing 37 at CM/ECF pp. 2–3.)

The documents identified in numbers 1 and 13 are already contained within the records of this case, and the court will take judicial notice of them. (*See* Filing 34-4 at CM/ECF pp. 6–7; Filing 2 at CM/ECF p. 37.) With respect to the remaining records requested, the court will direct Respondents to file a response

and provide any documents identified in Robinson's motion (filing 37) which counsel for Respondents is readily able to provide in a supplemental designation.[1]

## II. MOTION TO AMEND STATE COURT RECORDS AND FOR HEARING

In his second motion, Robinson requests the court's leave to submit additional state court records into the record as well as a hearing at which Robinson may offer these records and "address any other matters in concerns with granting [him] the relief [he has] petitioned for." (Filing 38.) Specifically, Robinson asks to submit the following records:

> 1.)THE Cl18-462 BILL EXCEPTIONS FROM THE 4-12-18 OSC HEARING THAT WILL PROVIDE ALL OF THE FRAUDULENT IDENTIFYING FACTORS OF THE 4-19-18 CI18-462 DISMISSAL AS WELL AS WILL PROVIDE THAT I ANNOUNCED TO THE RECORD THE SABOTAGED MATTERS OF A-17-850, UPON THE DEFENDANTS (the attorney generals office by Ryan Swaroff) REFERENCE OF SAID APPEALS AS BEING REASON TO SUPPORT DISMISSAL.
>
> 2.)THE CR18-1107 BILL OF EXCEPTIONS from the 1-7-19 and 6-18-19 competency matter for reasons that are relevant to <u>(a) Because of the "disabilities or burdens [which] may flow from" petitioner's conviction, he has "a substantial stake in the judgment of conviction which survives the satisfaction of the sentence imposed on him." Fiswick v. United States, 329 U.S. 211, 329 U.S. 222 (1946). Pp. 391 U.S. 237-238</u>.

(*Id*. (emphasis in original).)

---

[1] The court notes that it was able to view the documents identified in numbers 3, 5, and 7 through 11 via the Nebraska Judicial Branch's online court records website, JUSTICE. *See* https://www.nebraska.gov/justice/case.cgi.

Robinson's motion to submit these additional records is governed by Rule 7 of the *Rules Governing Section 2254 Cases in the United States District Courts*. Rule 7 permits the court to direct the parties to expand the record by submitting additional materials relating to the petition. However, this power is permissive and granted or denied at the court's discretion.

Here, Respondents have filed a motion for summary judgment asserting that all of Robinson's habeas claims are procedurally defaulted. The court has carefully reviewed Robinson's motion and his brief in opposition to Respondents' summary judgment motion (filing 36) which Robinson contends "provide[s] all of the relevant facts why these state court records are important and necessary to identify the attorney generals part in matters of the CR16-224 trial courts fraudulent overflow that deprived [him] of an appeal in concerns with the true correction of errors in A-17-850." (Filing 38.) Contrary to Robinson's assertion, the court finds that Robinson has failed to demonstrate how the records he wishes to submit to the court are relevant to any showing of exhaustion of his claims in one complete round before the Nebraska appellate courts or of cause or prejudice to overcome any default. Both the records Robinson seeks to submit are from state district court cases other than the state court conviction at issue in this habeas case. Moreover, to the extent Robinson is claiming that he presented his federal habeas claims in his state court habeas proceedings in CI18-462, Robinson has failed to show how the bill of exceptions he seeks to submit is relevant to the question of exhaustion or cause and prejudice, particularly when the records of this case already contain the order to show cause, the state's response, the order of dismissal, and Robinson's motion for reconsideration in CI18-462, of which the court will take judicial notice. (*See* Filing 2 at CM/ECF pp. 91–97; Filing 27 at CM/ECF pp. 60–68.)

Accordingly, the court will deny Robinson's motion for a hearing and his request to amend the two bills of exceptions to the record of this case.

### III. MOTION FOR JUDICIAL NOTICE

Lastly, Robinson asks the court "to take judicial notice of the exhibits of state court documents in the original petition of 8:19 cv 43 and said exhibits subject matter that identifies their purpose, and any other relevance the federal court might find." (Filing 39.) Upon consideration, Robinson's motion is granted, and the court will take judicial notice of the state court documents filed with Robinson's original habeas petition and will consider them to the extent they are relevant.

IT IS THEREFORE ORDERED that:

1. Petitioner's "Motion for Judicial Notice of the Exhibits in Original 8:19 cv 43 Petition" (filing 39) is granted.

2. Petitioner's "Motion for Leave of Court to Amend State Court Records and Request a Hearing" (filing 38) is denied.

3. On or before the close of business on **November 12, 2020**, counsel for Respondents shall submit a response to Petitioner's pending "Motion to Request the State Court Records Listed, Absent, Insufficient & Incapable of Weighing Defendants Facts" (filing 37) and provide any documents identified in Petitioner's motion which counsel for Respondents is readily able to provide in a supplemental designation.

4. Respondents also shall have until **November 12, 2020**, to file and serve a reply brief in response to Petitioner's brief in opposition to Respondents' motion for summary judgment. Counsel for Respondents may incorporate the response to Petitioner's motion for additional documents into her reply brief if she so chooses.

5.      The clerk of the court is directed to set a pro se case management deadline using the following text: **November 12, 2020**: check for Respondents' response to Petitioner's motion and reply brief.

Dated this 13th day of October, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge