IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ERIC M. ROBINSON,<br><br>                  Petitioner,<br><br>vs.<br><br>BRAD JOHNSON, and DOUG PETERSON, Attorney General;<br><br>                  Respondents. | **8:19CV43**<br><br>**MEMORANDUM AND ORDER** |

      This matter is before the court on Petitioner Eric M. Robinson's ("Petitioner" or "Robinson") Motion for Extension of Time to File a Notice of Appeal (filing 48) filed on June 3, 2021. The court dismissed Robinson's habeas petition with prejudice and entered judgment on March 31, 2021. (Filings 45 & 46.) Robinson asks the court to "extend the time for [his] application for the request of appeal to the circuit court and extend the time for the Rule 60 motion that will stop the clock for appeal." (Filing 48 at CM/ECF p. 4.)

      Pursuant to Federal Rule of Appellate Procedure 4(a)(1)(A), the notice of appeal in a civil case must be filed within 30 days of the entry of judgment. "A timely notice of appeal is both mandatory and jurisdictional." *Burgs v. Johnson Cnty., Iowa*, 79 F.3d 701, 702 (8th Cir. 1996). Moreover, an untimely notice of appeal cannot serve as a motion for extension of time to file an appeal. *Id*. A district court may extend the time to file a notice of appeal if a party moves for an extension of time and shows excusable neglect or good cause, provided that the party moves for the extension of time within 30 days of the expiration of the 30-day period set out in Rule 4(a)(1)(A). Fed. R. App. P. 4(a)(5)(A). In addition, if a party files one of the post-judgment motions listed in Rule 4(a)(4)(A), the time to file the appeal runs from the entry of the order disposing of the motion. Fed. R. App. P. 4(a)(4)(A).

Here, the court entered a final judgment dismissing Robinson's habeas petition on March 31, 2021. (Filing 46.) Robinson did not file a notice of appeal within 30 days of the court's Judgment, nor did he file any post-judgment motions that would extend the time to file a notice of appeal. Robinson's motion for an extension of time to file an appeal was filed on June 3, 2021. (Filing 48.) To be timely, the motion needed to be *received* by the clerk's office by June 1, 2021. *See* Fed. R. Civ. P. 5(d)(2) (A paper not filed electronically is filed by delivering it: (A) to the clerk . . . ."); *see also* Fed. R. App. P. 25(a)(2)(A)(i) ("For a paper not filed electronically, filing may be accomplished by mail addressed to the clerk, but filing is not timely unless the clerk receives the papers within the time fixed for filing."). Thus, Robinson has failed to satisfy the requirements for an extension of the time to appeal under Federal Rule of Appellate Procedure 4(a)(5).

Separate from the deadlines set forth above, Federal Rule of Appellate Procedure 4(a)(6) allows a district court to reopen the time to file an appeal if three conditions are satisfied:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> > (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
> >
> > (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
> >
> > (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

In this case, a copy of the Memorandum and Order and Judgment dismissing Robinson's habeas petition was mailed to him on March 31, 2021, at the address on file on that date—4640 Orchard Street, Apt. 39, Lincoln, NE 68503. (*See* Docket Sheet.) On May 3, 2021, the documents were returned to the court as undeliverable. (Filing 47.) At the court's direction, the Order and Judgment were resent on May 4, 2021, to Robinson at the address he provided in a separate habeas case filed on March 18, 2021. (*See* Filing 2 at CM/ECF p. 282, Case No. 8:21CV118.) Though Robinson did not update his address in the present case, he had provided his updated address to the court prior to the entry of judgment on March 31, 2021. Accordingly, the court finds Robinson did not receive notice under Fed. R. Civ. P. 77(d) within 21 days of the entry of Judgment. Robinson states he did not receive notice of the court's dismissal "until the week of Memorial Day weekend." (Filing 48 at CM/ECF p. 1.) Thus, assuming Robinson did not receive notice of the court's entry of Judgment until, at the earliest, May 24, 2021, Robinson filed his motion to extend within 14 days of receiving notice. The court further finds no party would be prejudiced by reopening the time to file an appeal.

Because all three conditions of Federal Rule of Appellate Procedure 4(a)(6) are satisfied, the court will grant Robinson's motion to extend, and he shall have 14 days from the date of this Memorandum and Order to file a notice of appeal. To be clear, any notice of appeal filed by Robinson must be *received* by the clerk's office no later than June 23, 2021. A notice of appeal merely postmarked by that date will not be timely.

Lastly, Robinson asks the court to extend the deadline "for filing a motion under Rule 60 that would stop the appellate clock." (Filing 48 at CM/ECF p. 1.) The court cannot grant such a request. *See* Fed. R. Civ. P. 6(b)(2) ("A court must not extend the time to act under Rule[] . . . 60(b)."); Fed. R. App. P. 4(a)(4)(A)(vi) (motion for relief under Rule 60 extends the time to appeal if "filed no later than

3

28 days after the judgment is entered"). Regardless, such extension is not warranted as the court has granted Robinson's motion to extend and reopened the time to file an appeal.

    IT IS THEREFORE ORDERED that:

    1.    Petitioner's Motion for Extension of Time to File a Notice of Appeal (filing 48) is granted in part, and denied in part as follows:

        a.    Petitioner shall have until **June 23, 2021**, to file a notice of appeal. Petitioner is warned that any notice of appeal must be received by the clerk's office before the close of business on, **June 23, 2021**, in order to be timely.

        b.    Petitioner's request to extend the deadline to file a Rule 60 motion to "stop the appellate clock" is denied.

    2.    The Clerk of Court is directed to set a pro se case management deadline using the following text: **June 23, 2021**: deadline to file notice of appeal.

    Dated this 9th day of June, 2021.

                                      BY THE COURT:

                                      Richard G. Kopf
                                      Senior United States District Judge