IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| ERIC M. ROBINSON, | |
|---|---|
| Petitioner, | 8:19CV43 |
| vs. | |
| BRAD JOHNSON, and DOUG PETERSON, Attorney General; | MEMORANDUM AND ORDER |
| Respondents. | |

In a Memorandum and Order entered June 9, 2021, the court reopened the time for Petitioner Eric M. Robinson to appeal and gave him until June 23, 2021 to file a notice of appeal. (Filing 49.) On June 21, 2021, Robinson filed a Motion for Certificate of Appealability (filing 52) and a Motion for Leave to Appeal In Forma Pauperis (filing 53).

The Federal Rules of Appellate Procedure require that a petitioner appealing the denial of a petition for a writ of habeas corpus file both a notice of appeal and a request for a certificate of appealability. Fed. R. App. P. 3(a)(1), 22(b). *See United States v. Grant*, No. 8:04CR267, 2007 WL 2156347, at *1 (D. Neb. July 25, 2007). Though Robinson has only filed a motion for a certificate of appealability, the court liberally construes his motion as a notice of appeal as well. *See Turner v. Armontrout*, 922 F.2d 492, 494 (8th Cir. 1991) (construing pro se petitioner's application for certificate of appealability filed within 30 days of judgment dismissing habeas petition as a notice of appeal where application satisfied requirements of Fed. R. App. P. 3(c)); *see also id*. ("[T]his circuit has held that a pro se motion for leave to appeal in forma pauperis is sufficient to constitute a notice of appeal.") In his motion, Robinson requests "a certificate of appealability be granted to move to a hire [sic] court[']s appellate review" of his "latest mail fraud additions about this court and its disingenuous doings with its March 31st[,]

2021 dismissal of 8:19CV43." (Filing 52 at CM/ECF pp. 18–19.) Liberally construed, Robinson's motion for a certificate of appealability "is clearly sufficient to give notice that [Robinson] intend[s] to appeal from the district court's denial of his petition for writ of habeas corpus." *Turner*, 922 F.2d at 494.

Turning to Robinson's request for a certificate of appealability, the court will deny his request in accordance with its previous determination set forth in the March 31, 2021 Memorandum and Order and Judgment. (*See* Filings 45 & 46.)

Lastly, the court finds that Robinson may proceed on appeal in forma pauperis. As set forth in Federal Rule of Appellate Procedure 24(a)(3):

(a) Leave to Proceed in Forma Pauperis . . .

> (3) Prior Approval. A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>
> > (A) the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding . . . .

Because Robinson proceeded IFP in the district court, he may now proceed on appeal in forma pauperis without further authorization.

IT IS THEREFORE ORDERED that:

1. Petitioner's Motion for Certificate of Appealability (filing 52) is denied.

2. The court construes Petitioner's Motion for Certificate of Appealability (filing 52) as a notice of appeal.

3. Petitioner's Motion for Leave to Appeal in Forma Pauperis (filing 53) is granted.

Dated this 23rd day of June, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge